Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Traci I. Park (SBN 216245)
E-mail: tpark@bwslaw.com
Paloma P. Peracchio (SBN 259034)
Email: pperacchio@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendant
RAYTHEON COMPANY

**FILED**
CLERK, U.S. DISTRICT COURT

**03/29/16**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____GR_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ALLEN, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware Corporation doing business in California; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 2:15-cv-08465-SJO-RAO<br><br>STIPULATED PROTECTIVE ORDER |

UPON STIPULATION of the Parties, and for good cause shown, the Parties' Stipulated Protective Order shall be entered as follows:

        1.      The following definitions shall apply to this Stipulated Protective Order ("Protective Order"):

              a.      The term "PROTECTED INFORMATION" shall mean and include originals and copies of all documents, portions of documents, answers to interrogatories, responses to requests for admission, testimony, depositions, affidavits, expert reports, legal briefs or memoranda, and any other information deemed by any PARTY to comprise or contain non-public, confidential,

1   proprietary, trade secret, and financial information, and personal employment
2   records, or information protected by privacy rights belonging to the PARTIES or to
3   third parties.  PROTECTED INFORMATION shall include any materials deemed
4   "Company Private."  The provisions of this Protective Order shall not restrict the
5   presentation and/or use of PROTECTED INFORMATION during courtroom
6   proceedings, except as precluded by order of the Court under Rule 79-5.

7       Should any PARTY discover that PROTECTED INFORMATION was
8   inadvertently produced in the course of this action, the PARTY may request that
9   such information be designated as "PROTECTED," on a selective basis. If timely
10  corrected, this inadvertent failure will not, standing alone, waive the Designating
11  PARTY's right to secure protection as discussed in Section 5(b) below.  The
12  PARTY seeking to designate such information as PROTECTED agrees to seek
13  permission from TRIAL COUNSEL for the PARTIES prior to designating such
14  information as PROTECTED.  In the event that TRIAL COUNSEL do not agree to
15  such designation of information as PROTECTED, the designating PARTY has the
16  burden to establish that such information should, in fact, be subject to this Order
17  and shall thereafter meet and confer in good faith with the challenging PARTY(S)
18  in an attempt to resolve the dispute.  If the PARTIES are unable to mutually resolve
19  said dispute within a reasonable time, the designating PARTY may file an
20  appropriately noticed motion requesting the Court to resolve whether the disputed
21  material is properly designated as PROTECTED INFORMATION.  Pending the
22  outcome of any challenge, the information shall be treated by the PARTIES as
23  PROTECTED from the time of designation as such until such time as the Court
24  finds otherwise. Any challenge to the designation of PROTECTED
25  INFORMATION must comply with Local Rules 37-1 and 37-2, including the joint
26  stipulation provisions referenced therein.
27  ///
28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 2 -

Nothing in this Protective Order is intended to affect or compromise the assertion of any claim of privilege by any PARTY with respect to any documents withheld from production on the basis of such privilege.

b.  The term "DOCUMENTS" shall include all material within the meaning of "writing" as defined by Federal Rule of Civil Procedure 34.

c.  The term "PARTY" or "PARTIES" shall mean Plaintiff Randall Allen ("PLAINTIFF") and Defendant Raytheon Company ("RAYTHEON").

d.  The term "TRIAL COUNSEL" shall mean (i) the attorneys, employees and agents of Solouki Savoy, LLP, attorneys for PLAINTIFF; and (ii) the attorneys, employees, and agents of Burke, Williams & Sorensen, LLP, attorneys for Defendant RAYTHEON.  Neither TRIAL COUNSEL nor the PARTIES hereto shall disclose PROTECTED INFORMATION to any substitute or additional trial counsel prior to such counsel's acknowledgment in writing that it is familiar with and agrees to comply with all provisions of this Protective Order.

2.  Any PARTY may designate any documents, testimony, things, or other information produced in this litigation by them, or any of them, or by any third party, as PROTECTED INFORMATION in accordance with paragraph 1(a) of this Protective Order.  Nothing in this Protective Order shall preclude the PARTIES from redacting additional privileged information on documents designated as containing PROTECTED INFORMATION.

If any PARTY seeks to challenge any other PARTY'S designation of material as PROTECTED INFORMATION, the challenging PARTY shall, within a reasonable time, not to exceed fourteen (14) days, notify the PARTY whose designation is being challenged, as well as all other PARTIES to this action, of the material being challenged and of the specific reasons therefor.  The challenging PARTY and designating PARTY shall thereafter meet and confer in good faith in an attempt to resolve the dispute.  If the PARTIES are unable to mutually resolve said dispute within a reasonable time, the designating PARTY may file an

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 3 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

1   appropriately noticed motion requesting the Court to resolve whether the disputed

2   material is properly designated as PROTECTED INFORMATION.  Any challenge

3   to the designation of PROTECTED INFORMATION must comply with Local

4   Rules 37-1 and 37-2, including the joint stipulation provisions referenced therein.

5        3.     All information designated as PROTECTED INFORMATION shall

6   not be disclosed to anyone other than the following categories of people:

7          a.  PARTIES and their officers, counsel, directors, members and

8             employees;

9          b.  TRIAL COUNSEL, its agents, representatives, and employees;

10         c.  Independent consultants, contractors, mediators, or experts retained

11            for this litigation;

12         d.  Court personnel responsible for administering this litigation;

13         e.  Any person indicated on the face of the document to be its

14            originator, author, or recipient, or the subject of or mentioned in the

15            document.

16  The viewing of PROTECTED INFORMATION by any person in categories

17  3(a) through 3(e) shall not cause such PROTECTED INFORMATION to lose its

18  confidential nature.

19  All persons, with the exception of categories (a), (b), (c), and (d) above, in

20  the instant action to whom PROTECTED INFORMATION is disclosed shall read

21  this Protective Order in advance of such disclosure and agree in writing to be bound

22  by its terms, as provided in the form attached hereto as Attachment A.

23  To the extent that PROTECTED INFORMATION must be disclosed to

24  deponents and/or trial witnesses in the present action, TRIAL COUNSEL agree to

25  obtain said deponent and/or witness' verbal agreement not to disclose the subject

26  PROTECTED INFORMATION except in court and legal proceedings or as

27  otherwise compelled by Court Order.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 4 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

PROTECTED INFORMATION shall not be used for any purpose other than as is set forth in paragraph 11 of this Protective Order unless and until such designation is removed either by agreement by the PARTIES or by order of the Court.  The protections conferred by this Protective Order cover not only PROTECTED INFORMATION (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing in this Protective Order should be construed to prevent the use of PROTECTED INFORMATION as necessary in any Court or legal proceeding in connection with this litigation, however such PROTECTED INFORMATION shall not lose its protected status for other purposes through such use.

4.     Whenever a deposition or examination taken on behalf of any PARTY involves a disclosure of PROTECTED INFORMATION:

a.     Said deposition or examination or portions thereof shall be designated as containing PROTECTED INFORMATION subject to the provisions of this Protective Order at the time the deposition or examination is taken whenever possible; however, any PARTY shall have until fifteen (15) days after receipt of the signed deposition or examination transcript within which to designate in writing to the other PARTIES to the action those portions of the transcript designated PROTECTED INFORMATION;

b.     Any PARTY shall have the right to exclude from attendance at said deposition or examination, during such time as the PROTECTED INFORMATION is to be disclosed, every individual not entitled under paragraph 3 of this Protective Order to receipt of the information, excluding the PARTIES, counsel, the deponent, and the stenographer and/or videographer;

c.     The originals of the portion of said deposition or examination transcript that contain PROTECTED INFORMATION shall be designated by the court reporter with the applicable legend, as instructed by the PARTY or non-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 5 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

PARTY offering or sponsoring the witness or presenting the testimony.  Any PARTY seeking to admit any so-designated deposition testimony shall notify the designating PARTY within a reasonable time.  The challenging PARTY and designating PARTY shall thereafter meet and confer in good faith in an attempt to resolve the dispute.  If the PARTIES are unable to mutually resolve said dispute within a reasonable time, the designating PARTY may apply to the Court that the PROTECTED INFORMATION be filed under seal in compliance with Local Rule 79-5.  If the Court does Order that the testimony be sealed, the original shall not be opened except by Order of the Court or agreement of the parties.   If the Court should refuse to seal the testimony, the PARTY seeking to admit the so-designated deposition testimony may file without seal.

5.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing PARTY affix the legend "PROTECTED" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A PARTY or non-PARTY that makes original documents or materials available for inspection need not designate them for protection until after the inspecting PARTY has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed PROTECTED.  After the inspecting PARTY has identified the documents it wants copied and produced, the Producing PARTY must determine which documents, or portions thereof, qualify for protection under this

1   Order, then, before producing the specified documents, the Producing PARTY must

2   affix the legend "PROTECTED" at the bottom of each page that contains

3   PROTECTED INFORMATION in accordance with paragraph 5(a) herein.

4           b.     for information produced in other than documentary form or

5   deposition testimony, that the Producing PARTY affix in a prominent place on the

6   exterior of the container or containers in which the information or item is stored the

7   legend "PROTECTED."  If only portions of the information or item warrant

8   protection, the Producing PARTY, to the extent practicable, shall identify the

9   protected portions, specifying whether they qualify as "PROTECTED."  If timely

10   corrected, an inadvertent failure to designate qualified information or items as

11   "PROTECTED" does not, standing alone, waive the Designating PARTY's right to

12   secure protection under this Order for such material.  If material is appropriately

13   designated as "PROTECTED" after the material was initially produced, the

14   Receiving PARTY, on timely notification of the designation, must make reasonable

15   efforts to assure that the material is treated in accordance with the provisions of this

16   Order.

17         6.     A PARTY may not file with the Court any PROTECTED

18   INFORMATION without first obtaining written permission from the Designating

19   PARTY, or without meeting and conferring within a reasonable time with the

20   Designating PARTY to obtain such written permission and such that the

21   Designating PARTY may apply to the Court to file such information under seal, in

22   compliance with Federal Rule of Civil Procedure 5.2 and Local Rule 79-5.

23         7.     Nothing in this Protective Order shall bar or otherwise restrict TRIAL

24   COUNSEL from rendering legal advice to the attorney's PARTY-client with

25   respect to this action, and in the course thereof, relying upon an examination of

26   PROTECTED INFORMATION.

27         8.     The designation of information as PROTECTED INFORMATION

28   pursuant to this Protective Order shall not be construed as a concession by any

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 7 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

PARTY that such information is relevant, material, or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to discovery requests or subpoenas, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence, or other information.

9.     The termination of proceedings in this action shall not thereafter relieve any person to whom PROTECTED INFORMATION was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.  Within thirty (30) days of final dismissal of this action (whether caused by judgment, settlement, or otherwise), and unless otherwise required by the PARTIES Professional Liability Insurance, the PARTIES and their TRIAL COUNSEL shall either: 1) assemble and return to the Producing PARTIES all PROTECTED INFORMATION, including all copies thereof (with the exception of attorney work product, pleadings, correspondence, and deposition transcripts ("Retained Materials")); or 2) destroy all PROTECTED INFORMATION, including all copies thereof (with the exception of Retained Materials).  If counsel is required by a policy of Professional Liability Insurance to maintain the PROTECTED INFORMATION produced by any PARTY, counsel retaining such PROTECTED INFORMATION agrees to maintain the confidentiality of such.

10.     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any PARTY from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing PROTECTED INFORMATION.

11.     PROTECTED INFORMATION subject to this Protective Order shall be used solely and exclusively for purposes of pretrial discovery, trial, and post-trial proceedings, if any, in the above-captioned case, subject to the limitations

contained herein.  All persons to whom PROTECTED INFORMATION is

disclosed, including TRIAL COUNSEL, are hereby enjoined from using said

information for any personal, commercial, business, competitive, or other purpose

whatsoever, including, but not limited to, trading on such information, or from

using copies of documents obtained in this case, containing said information, in any

other cases, proceedings, or disputes.

12.    The PARTIES therefore acknowledge that a violation of this paragraph

11 or any of its subparts would cause immeasurable and irreparable damage in an

amount incapable of precise determination.  Accordingly, the PARTIES agree that

each PARTY may be entitled to injunctive relief in any court of competent

jurisdiction for any actual or threatened violation of paragraph 11 and all of its

subparts, in addition to any other available remedies.

The PARTIES therefore agree that the terms of paragraph 11 and all of its

subparts are a material inducement for the execution of this Protective Order.  Any

disclosure or dissemination, other than as described above in paragraph 11 will be

regarded as a breach of this Protective Order and a cause of action shall

immediately accrue for damages and injunctive relief.  The PARTIES agree that

damages sustained by such breach would be impractical or extremely difficult to

determine and, therefore, agree that in the event that either PARTY, or any of the

individuals identified in paragraph 3(a), (b), or (c), violates this paragraph 11, that

PARTY shall pay the PARTY enforcing this agreement liquidated damages in the

sum of One Thousand Dollars and 00/100 Cents ($1,000.00) for each violation.

The PARTIES further agree that such damages are not intended to be, and shall not

be construed as, a penalty.

13.    Subject to rules of evidence, information designated PROTECTED

INFORMATION may be offered in evidence at any hearing in this case.  Any

PARTY may move the Court for an order that the evidence be received *in camera*

at the hearing or under other conditions to prevent unnecessary disclosure, pursuant

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 9 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

1   to Local Rule 79-5.

2         14.    If any PARTY or other person authorized under this Protective Order

3   to receive information designated as PROTECTED INFORMATION receives a

4   subpoena or other document request from a non-PARTY to this Protective Order,

5   seeking production or other disclosure of such information, that PARTY or person

6   shall within seven (7) days give written notice by electronic mail and facsimile to

7   counsel for producing PARTY identifying the information requested and enclosing

8   a copy of the subpoena or document request before responding to such subpoena, to

9   allow Producing PARTY to object to the production of PROTECTED

10  INFORMATION.  If the Producing PARTY opposes production of the information

11  sought by the subpoena, then Producing PARTY may undertake such actions as it

12  deems appropriate to enforce this Protective Order or oppose enforcement of the

13  subpoena or document request.  Nothing in the Protective Order should be

14  construed to excuse any PARTY from obeying a lawfully issued subpoena or

15  process.

16        15.    Any PARTY may apply to the Court for a modification of this Order,

17  and nothing in the order shall be deemed to prejudice their rights to seek

18  modification.

19        In the event any PARTY or non-PARTY shall violate or threaten to violate

20  the terms of this Protective Order, any PARTY may immediately apply to obtain

21  relief against any such person violating, or threatening to violate any of the terms of

22  this Protective Order.  The PARTIES and any other person subject to the terms of

23  this Protective Order stipulate that this Court shall retain jurisdiction over it and

24  them for the purpose of enforcing this Protective Order, and further agree that the

25  Protective Order may also be enforced in any other Court with competent

26  jurisdiction.

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

- 10 -

CASE NO. 2:14-08465-SJO-RAO
STIPULATED PROTECTIVE ORDER

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   Dated: <u>March 29, 2016</u>                    _____
                                              HON. ROZELLA A. OLIVER
4                                             United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28